UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| EDWARD G. CRADER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:10CV176 SNLJ |
| ) | |
| WAL-MART STORES, Inc., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's Motion to Dismiss or, in the Alternative, Motion for a More Definite Statement (#7), filed November 3, 2010. The plaintiff has not filed a response, and the time for doing so has passed.

This is plaintiff's second case against defendant Wal-Mart Stores East, LP ("Wal-Mart") in fourteen months. The first suit, No. 1:09CV112, filed in August 2009, was an employment discrimination case that was dismissed in March 2010. This suit filed September 20, 2010, alleges that Wal-Mart, in the course of litigating the first suit, disclosed certain personal information that is, according to plaintiff, "confidential under the privacy act." (#6 at 3.) Plaintiff requests $25,000,000 in punitive damages.

**I.     Legal Standard for Motion to Dismiss**

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (quoting *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). A complaint must be dismissed for failure to

November 23, 2010 state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 560 (2007) (abrogating the traditional "no set of facts" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A petitioner need not provide specific facts to support his allegations, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam), but "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008), *cert. denied*, 129 S.Ct. 222 (2008) (quoting *Twombly*, 550 U.S. at 555-56 & n.3).

In ruling on a motion to dismiss, a court must view the allegations of the complaint in the light most favorable to the petitioner. *Scheuer v. Rhodes*, 416 U.S. 232 (1974); *Kottschade v. City of Rochester*, 319 F.3d 1038, 1040 (8th Cir. 2003). Although a complaint challenged by a Rule 12(b)(6) motion does not need detailed factual allegations, a petitioner must still provide the grounds for relief, and neither "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" will suffice. *Twombly*, 550 U.S. at 555 (internal citations omitted). "To survive a motion to dismiss, a claim must be facially plausible, meaning that the 'factual content . . . allows the court to draw the reasonable inference that the respondent is liable for the misconduct alleged.'" *Cole v. Homier Dist. Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)). When determining the facial plausibility of a claim, the Court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Id*. (quoting *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005)). Finally, where a court can infer from those factual allegations no more than a "mere possibility of misconduct," the complaint must be dismissed. *Id*. (quoting *Iqbal*, 129 S.Ct. at 1950).

**II.     Discussion**

Plaintiff purports to state a claim for "invasion of privacy and legal malpractice --- due to unauthorized disclosure of personal information." (#6 at 2.)

The substance of plaintiff's complaint ("Statement of Claim") is one paragraph. That paragraph states as follows:

> I received a notice from a prior female co-worker to whom I had filed a sexual harassment complaint to the EEOC. In this notice it contained personal information which is confidential under the privacy act. This information is my full name and address. When questioned under oath, she stated the Matt Looney the Store Manager of Wal-Mart disclosed this information. Furthermore, this female co-worker was not in position where she could've aquired [*sic*] the information legally without assistance. This information was given approximately two weeks after I filed a sexual harassment charge to the EEOC against the employer about the same female co-worker behavior. The complaint consisted of an excessive period of time where she sexually stalked the plaintiff and that Wal-Mart's managers did not comply with the companys [*sic*] policy or sexual harassment laws by conducting investigation into the matter or doing anything to prevent further incidents from happening after a complaint was made. In which both the plaintiff and the co-worker have agreed there was a complaint.

(#6 at 3.)  Plaintiff has not stated a claim for which relief can be granted.

**A.     Claim for Invasion of Privacy**

To state a claim for invasion of privacy for the unreasonable intrusion upon the seclusion of another, the plaintiff must show "(1) the existence of a secret and private subject matter; (2) a right in the plaintiff to keep that subject matter private; and (3) the obtaining by the defendant of information about that subject matter through unreasonable means." *St. Anthony's Medical Center v. H.S.H.*, 974 S.W.2d 606, 609-10 (Mo. Ct. App. 1998). If plaintiff is claiming invasion of privacy based on public disclosure of private facts, that claim requires that the plaintiff show "(1) publication or publicity; (2) absent any waiver or privilege; (3) of private matters in which the

public has no legitimate concern; (4) so as to bring shame or humiliation to a person of ordinary sensibilities." *Id.* at 610.

First, to the extent plaintiff claims unreasonable intrusion upon the seclusion of another, even assuming for the sake of argument that plaintiff has a right to keep his name and address secret and private, plaintiff has not alleged that Wal-Mart obtained the information through unreasonable means. *See id.*

Second, to the extent plaintiff claims public disclosure of private facts, plaintiff has not alleged that the disclosure of his name an address would result in shame or humiliation. *See id.* Furthermore, for the purpose of the tort of public disclosure of private facts, a "public disclosure" is required. *Id.* No public disclosure has been alleged here.

Plaintiff's invasion of privacy claim fails *Iqbal*'s "facial plausibility" test, and it will be dismissed.

### B. Claim for Legal Malpractice

To state a claim for legal malpractice, the plaintiff must show "(1) the existence of an attorney-client relationship; (2) negligence or a breach of contract by the attorney; (3) proximate causation of the plaintiff's damages; and (4) damages to the plaintiff." *Kuehne v. Hogan*, 321 S.W.3d 337, 341 (Mo. Ct. App. 2010).

Plaintiff's legal malpractice claim appears to be in name only --- nowhere does he allege the existence of an attorney-client relationship, nor could he make such an allegation. Here, too, plaintiff's complaint fails *Iqbal*'s "facial plausibility" test, and it will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's Motion to Dismiss or, in the Alternative, Motion for a More Definite Statement (#7), filed November 3, 2010, is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's complaint shall be **DISMISSED with prejudice.**

Dated this   30th   day of November, 2010.

_____
UNITED STATES DISTRICT JUDGE